

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-18-00291-CR

PATRICIA LYNN PARSONS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1444610D, Honorable Scott Wisch, Presiding

May 31, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Patricia Lynn Parsons (appellant) appeals her conviction for "robbery causing bodily injury" arising from her non-jury trial. Her sole issue concerns the sufficiency of the evidence underlying the conviction. Appellant was accused of participating in a robbery occurring in the home of Martin Dominguez. The latter was stabbed and killed during the event and property was taken from his home by one or more of the individuals involved. Appellant argues before us that her confession to being present and assisting two others plan and execute the robbery was unreliable. This is allegedly so because her expert

testified that she was mentally ill, had a history of psychiatric treatment, had impaired cognitive and intellectual functioning, and an IQ of 70. We overrule the issue and affirm.[1]

The pertinent standard of review is that in *Johnson v. State*, 560 S.W.3d 224 (Tex. Crim. App. 2018). We view the evidence in the light most favorable to the prosecution and ask whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Id.* at 226. So too do must we forgo interfering with the fact-finder's authority to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* In other words, the fact-finder is free to select which witnesses and evidence to believe. We resolved inconsistencies in the evidence in favor of the verdict and may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact-finder. *Bohannan v. State*, 546 S.W.3d 166, 178 (Tex. Crim. App. 2017).

Here, evidence of record not only places appellant within the decedent's house but also reveals that she participated in the planning and execution of the robbery. Appellant informed the decedent that he would be visited in the wee morning hours by two individuals who would sell him drugs. Those individuals, along with appellant, arrived as scheduled and entered through the back door of the house carrying paraphernalia with which to bind and interrogate their victim. They did so, then began asking where the money was, and cut him as a means of coercing an answer. Appellant too confessed to asking him about the money's location. Ultimately, a male present with appellant stabbed

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

the victim in the heart.  When it was over, the others took jewelry and guns from the home and later gave appellant some dope.

The foregoing appears in her confession.  The trial court, as fact-finder, was free to believe that evidence and her confession.  The detail exemplified by appellant's physical gestures and words were also telling, according to the trial court.   "It was the most overwhelming and compelling evidence to convince me of her presence," observed the fact-finder.  As fact-finder, it was also free to disbelieve the defense expert's testimony purporting to illustrate that appellant's confession was unreliable or false due to her mental acumen or lack thereof.  And given its determination of guilt, the trial court undoubtedly disbelieved the expert.  We cannot interfere with that credibility decision.

In short, the record contains some evidence upon which a rational fact-finder could conclude, beyond reasonable doubt, that appellant was at least a party to the robbery and, therefore, culpable for the robbery. *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011) (stating that a person is criminally responsible as a party for an offense committed by another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense); *see also id.* § 29.02(a) (West 2019) (stating that a person commits robbery if, in the course of committing theft, and with intent to obtain or maintain control of property, he intentionally, knowingly, or recklessly causes bodily injury to another).  Accordingly, we affirm the trial court's judgment of conviction.

Per Curiam